

THE SESSIONS FIRM

# SESSIONS FISHMAN NATHAN& ISRAEL L.L.C.
ATTORNEYS AT LAW

May 29, 2013

**BY ECF**
Honorable Jerome B. Simandle
United States District Court
Mitchell H. Cohen Building and U.S. Courthouse
4th and Cooper Streets, Room 1050
Camden, NJ  08101

> Re:   *Jeffrey Bright vs. Asset Acceptance*, LLC
>        USDC NJ, Case No. 11-cv-05846

Dear Judge Simandle:

Please accept this letter as Asset Acceptance, LLC's ("Asset") response to the May 23, 2013 letter brief ("Letter") Plaintiff filed in further support of his motion for class certification. In brief, none of the matters addressed in the Letter help Plaintiff satisfy his burden to meet the class certification elements of Rule 23 of the Federal Rule of Civil Procedure.  We ask that you deny the Motion for the reasons: (i) stated herein, (ii) articulated at oral argument on May 22, 2013; and (iii) raised in Asset's Brief in Opposition to the Motion ("Brief").

## ARGUMENT

## I.      A CALLER ID TRANSMISSION IS NOT A "COMMUNICATION"  UNDER THE FDCPA ON THESE FACTS.

Your Honor asked the parties to discuss *Cerrato v. Solomon & Solomon*, 2012 WL 6621339 (D. Conn. 2012).  Plaintiff raised this case at oral argument in support of his argument that, for purposes of the FDCPA, transmission of information through caller-id is a separate and distinct "communication" from any subsequent live communication between the debt collector and consumer or voice message.  This argument was in response to Asset's argument that *Glover v. Client Services, Inc.,* No. 1:07-CV-81, 2007 WL 2902209, at * 6-7 (E.D. Mich. Oct 2, 2007)[1], rejected this very argument, holding that the meaningful disclosure requirement of the FDCPA (§ 1692d(6)), the very section Plaintiff claims Asset violated, requires only one disclosure in the actual conversation or voice message.

Plaintiff's reliance on *Cerrato* is misplaced for numerous reasons.  First, *Cerrato* does not address the issue before this Court.  In *Cerrato,* the concern was whether the debt collector's

---

[1] We discussed *Glover* in our Brief at p. 25.

SESSIONS FISHMAN NATHAN & ISRAEL LLC
ATTORNEYS AT LAW

Honorable Jerome Simandle
May 29, 2013
Page 2

unanswered calls (without leaving a message) violated § 1692c(c) of the FDCPA by calling a consumer after he had requested no more calls. There was no evidence in that case that any of the calls resulted in a conversation with, or message for, Cerrato. It thus did not address our issue, the same issue in *Glover,* whether the caller-id transmission is a separate and distinct "communication" from any subsequent communication during the same call.

Second, the holding in *Cerrato* is quite limited to its facts. There, the debt collection law firm had called 117 times before Cerrato had instructed it to stop calling. Cerrato, the court concluded, thus knew who the company was and that it was calling to collect a debt. The debt collector then proceeded to make eight additional calls without leaving a message or speaking with Cerrato. Cerrato's caller-id logged each of those eight calls, revealing the name of the debt collector, its number and time that it called. *Id.,* * 5. These facts made it quite easy for the court to conclude that a "communication" (conveying of information regarding a debt) under § 1692a(2) *may* have occurred:

> Because the court has determined that eight unanswered telephone calls can constitute "communications" under the FDCPA—at least calls in which the debt collector's name and telephone number appear on the consumer's caller ID display and follow over 100 calls previously placed by that debt collector—and that there are material issues of fact as to whether Solomon is entitled to a bona fide error defense, summary judgment is **DENIED** as to both parties on Cerrato's FDCPA claim.

*Id.,* * 9.

None of these facts exist in our case. The claims are different and so are the facts, most critical of which is that the Plaintiff claims "Warranty Services" appeared on caller-id. Based on the caller-id transmission alone, no information regarding a debt was conveyed when Asset placed the calls at issue and, therefore, no "communication" under the FDCPA exists on these facts.

Further, in light of *Glover,* Plaintiff cannot show predominance. Individualized issues of whether and how Asset communicated with each class member preclude common proofs. In other words, to determine whether Asset used a false name[2] or placed a call without

---

[2] Plaintiff claims Asset violated § 1692e(14) by using the name of "Warranty Services" instead of Asset. Comcast, Plaintiff's phone provider, not Asset, was responsible for the caller-id transmission and thus was the entity that "used" the name "Warranty Services." The record before the Court is clear that Asset's correct name was placed into the correct database and Plaintiff has no evidence to support that Asset associated its number with "Warranty Services" in any database. As discussed at oral argument and in our Brief (p. 9), every time Asset communicated with Plaintiff (spoke with live or left a message), it used its true name. Plaintiff is

SESSIONS FISHMAN NATHAN & ISRAEL L.L.C.
ATTORNEYS AT LAW

Honorable Jerome Simandle
May 29, 2013
Page 3

meaningfully disclosing itself, the Court would have to scour every class member's file to learn whether Asset's call to a class member (presumably one with caller-id) resulted in the disclosure of Asset's actual name either in a voice message or actual conversation even if the caller-id transmission that preceded the call disclosed an incorrect name. *See* Asset's Brief, p. 27.[3]

## II.  MATERIALITY REMAINS AN ISSUE EVEN UNDER THE OBJECTIVE, LEAST SOPHISTICATED CONSUMER STANDARD

Asset does not contest that the least sophisticated consumer standard is objective. The claimed misrepresentation or omission must still be material, however. *Wahl v. Midland Credit Mgmt., Inc.*, 556 F. 3d 643, 646 (7th Cir. 2009)); *see also Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). Statements are material if they influence a consumer's decision to pay a debt in response to a dunning letter, *see Muha v. Encore Receivable Management, Inc.*, 558 F.3d 623 (7th Cir. 2009), or if they would impair the consumer's ability to challenge the debt at issue. *See Berg v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 07 C 4887, 2009 U.S. Dist. WL 901011, at * 7 (N.D. Ill. Mar. 31, 2009). *See also Corazzini v. Litton Loan Servicing LLP*, 2010 WL 6787231, at *7 (N.D.N.Y. June 15, 2010) ("[E]ven if defendant did provide a false statement in one or more of its communications with plaintiff, plaintiff has failed to establish that the alleged false statement was material to her decision to pay her debt or that it impaired her ability to challenge the debt."). Thus, if a statement provides immaterial information, meaning it does not have the ability to influence the consumer's reaction, then it is not misleading and "the case should end right there." *Muha*, 558 F.3d at 628.

To the extent the caller identification display was a "communication" subject to the FDCPA, which Asset denies, the caller identification display of "Warranty Services" would be immaterial to the least sophisticated consumer. In other words, if the least sophisticated

---

thus not the correct representative of this class and individual proofs predominate over common proofs because each account must be reviewed to determine whether Asset communicated its name to each class member either in an actual conversation or in a voice message.

[3] Nor can the overinclusive nature of the purported class (it includes all people Asset called as opposed to only those whose service provider disclosed "Warranty Services" on the caller-id device when Asset called) be cured though surveys or declarations from each of the approximate 8,000 people Asset called, inquiring whether they had caller-id in 2010-2011 and what appeared on their caller-id at that time. The Third Circuit in *Marcus v. BMW of North America, LLC*, 687 F.3d. 583, 594 (3rd Cir. 2012), cautioned against such an administratively infeasible alternative and other courts have agreed. *See Weiner v. Snapple Beverages Corp.*, 2010 WL 3119452 (S.D. N.Y. August 3, 2010) (denying class certification motion and rejecting production of receipts or declarations from putative class members to solve ascertainability issue); *Xavier v. Phillip Morris USA, Inc.*, 787 F.Supp.2d 1075, 1089 (N.D. Cal. 2011).

SESSIONS FISHMAN NATHAN & ISRAEL L.L.C.
ATTORNEYS AT LAW

Honorable Jerome Simandle
May 29, 2013
Page 4

consumer wanted to decide whether to pay the debt or dispute it, he would want and need to communicate with Asset regarding the account.  He would thus want to answer the phone and would not have been materially deceived not to answer Asset's call whether Asset or someone else's name appeared on the caller-id device.  Even if the least sophisticated consumer did not know from the caller-id that Asset was calling, he could either place a call to Asset or mail a letter to discuss or dispute the account.  The appearance of "Warranty Services" would therefore have been material only to those people who had asked Asset not to call them, and there is no claim in this case that Asset made those type of calls.

## RELIEF REQUESTED

For the reasons stated herein, at oral argument and in Asset's Brief, Asset respectfully requests that the Court enter an order denying Plaintiff's Motion for Class Certification.

If Your Honor has additional questions, we would welcome the opportunity to respond to them.

Respectfully Submitted
/s/ Aaron R. Easley
Aaron R. Easley

cc:    Stephen Taylor, Esq. (Via ECF)
       Sofia Balile, Esq. (Via ECF)
       Robert M. Horwitz, Esq. (Via ECF)